[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 20-14556

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

WOODROW RUDOLPH DIXON, JR.,
a.k.a. Dro,
KIRK L. FLOYD,
a.k.a. Twin,
a.k.a. Kirk Lorin Floyd,

Defendants-Appellants.

_____

Appeals from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:12-cr-00205-JPB-CMS-1

_____

Before WILSON, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

Following resentencing, codefendants Woodrow Dixon and Kirk Floyd appeal their sentences for several offenses related to "their conspiracy to rob a cocaine stash house." *United States v. Dixon*, 626 F. App'x 959, 961 (11th Cir. 2015). Dixon was convicted of conspiracy to commit Hobbs Act robbery and conspiracy to possess with intent to distribute at least five kilograms of cocaine. Floyd was convicted of conspiracy to commit Hobbs Act robbery, conspiracy to possess with intent to distribute at least five kilograms of cocaine, and possession of a firearm by a convicted felon.

On appeal, Dixon argues that his total 235-month sentence is substantively unreasonable because the district court failed to give adequate consideration to his postsentencing rehabilitation. And Floyd argues that his sentence is procedurally unreasonable because the district court erred in applying the Armed Career Criminal Act ("ACCA") enhancement as his Georgia burglary convictions do not qualify as violent felonies under the ACCA—

although he acknowledges that this claim is foreclosed by binding precedent. After review, we affirm.

## I.        Background

In addition to the counts described previously, Dixon and Floyd were also initially each convicted following a jury trial in 2013 of carrying a firearm during and in relation to a crime of violence, with the crime of violence being conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 924(c). *Dixon*, 626 F. App'x at 961. Dixon received the mandatory minimum of 20 years' imprisonment, and Floyd received the mandatory minimum of 25 years' imprisonment. *Id.* We affirmed their convictions and sentences on appeal. *Id.* at 963–67.

However, following the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019), which held § 924(c)'s residual clause void for vagueness, Dixon and Floyd had their § 924(c) convictions vacated during their respective 28 U.S.C. § 2255 proceedings. As a result, both Dixon and Floyd were entitled to a full resentencing proceeding.

### Dixon's resentencing

At resentencing, Dixon's advisory guidelines range was 235 to 293 months' imprisonment. He faced a statutory maximum of life imprisonment. The government argued that the district court should reimpose the original sentence of 20 years' imprisonment, citing Dixon's history and characteristics, the nature and circumstances of the offense, the seriousness of the offense, the

need for deterrence, and the need to protect the public. Dixon argued that a sentence of 120 months' imprisonment was appropriate in light of his postsentencing rehabilitative efforts— namely, that during the prior seven years of incarceration, he had been a model inmate with no disciplinary history, he had taken numerous classes and programming, and he received a minimum score on a test designed to predict the likelihood of violent recidivism.

After hearing arguments from counsel and testimony on behalf of Dixon, the district court stated that it was "going to consider as requested by the defense the good work and opportunities that Mr. Dixon has availed himself of while he's been in prison these past several years," and sentenced Dixon to a total of 235 months' imprisonment to be followed by six years' supervised release. The district court explained that, in determining the appropriate sentence, it considered the 18 U.S.C. § 3553(a) factors and the "good work and deeds" Dixon had performed while incarcerated, but that it could not "ignore his extensive role in this serious crime." Specifically, Dixon "managed, organized and recruited other members for this conspiracy," and, even though he left the area on the day of the planned robbery, "he continued to coordinate the involvement of the other co-conspirators via telephone conversations." Accordingly, the district court explained that a total sentence of 235 months' imprisonment was "a just and appropriate sentence"

that complied with the directives of § 3553(a).  Dixon objected to the sentence.

### Floyd's resentencing

At resentencing, Floyd's advisory guidelines range was 262 to 327 months' imprisonment.  As relevant to this appeal, Floyd argued that his convictions for Georgia burglary should not qualify as violent felonies for purposes of the ACCA, and that this Court's precedent to the contrary in *United States v. Gundy*, 842 F.3d 1156 (11th Cir. 2016), was wrongly decided.  He argued that a sentence of 180 months' imprisonment was appropriate under the circumstances.  The district court imposed a total sentence of 262 months' imprisonment to be followed by a total of five years' supervised release.  The district court further noted that it would have imposed the same sentence "irrespective" of the disputed ACCA enhancement.  Floyd objected to the procedural reasonableness of the sentence based on the ACCA enhancement and to the substantive reasonableness of the sentence.

This appeal followed.

## II.      Discussion

### A.  *Dixon's appeal*

Dixon argues that his bottom-of-the-guidelines sentence is substantively unreasonable because the district court failed to give adequate consideration to his postsentencing rehabilitation.  He maintains that his postsentencing rehabilitation "was so

substantial as to require a variance below the sentencing guidelines."

We review the reasonableness of a sentence under a deferential abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 41 (2007). The district court must issue a sentence that is "sufficient, but not greater than necessary" to comply with the purposes of § 3553(a)(2), which include the need for a sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter criminal conduct, and protect the public from future criminal conduct. 18 U.S.C. § 3553(a). The court must also consider the "nature and circumstances of the offense and the history and characteristics of the defendant." *Id.* § 3553(a)(1). We examine whether a sentence is substantively reasonable in light of the totality of the circumstances. *Gall*, 552 U.S. at 51.

When, as here, "a defendant's sentence has been set aside . . . and his case remanded for resentencing, a district court may consider evidence of a defendant's rehabilitation since his prior sentencing and . . . such evidence may, in appropriate cases, support a downward variance from the advisory Guidelines range." *Pepper v. United States*, 562 U.S. 476, 490 (2011).

A district court abuses its discretion at sentencing when it (1) fails to consider relevant factors that were due significant weight, (2) gives an improper or irrelevant factor significant weight, or (3) "commits a clear error of judgment in considering the proper factors." *United States v. Rosales-Bruno*, 789 F.3d

1249, 1256 (11th Cir. 2015) (quotation omitted). Because such an abuse of discretion infrequently occurs, "it is only the rare sentence that will be substantively unreasonable." *Id.* (quotation omitted). The burden rests on the party challenging the sentence to show "that the sentence is unreasonable in light of the entire record, the § 3553(a) factors, and the substantial deference afforded sentencing courts." *Id.* We will "vacate the sentence if, but only if, we 'are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case.'" *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (quoting *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008)).

Dixon's sentence is not substantively unreasonable. The record confirms that the district court considered Dixon's rehabilitative efforts since his initial sentencing and the § 3553(a) factors. Although Dixon quarrels with how much weight the district court gave his postsentencing rehabilitation, "[t]he weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court." *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007) (quotation omitted). The district court was entitled to give more weight to the nature and circumstances of the offense than to Dixon's rehabilitative efforts, and he has not established that the district court erred in its consideration of the relevant factors. *See Rosales-Bruno*, 789 F.3d

at 1256; *Clay*, 483 F.3d at 743.  Moreover, Dixon's total 235-month sentence is at the bottom of his guidelines range and well below the statutory maximum of life, which are both indicators of reasonableness.  *See United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008) ("Although we do not automatically presume a sentence within the guidelines range is reasonable, we ordinarily expect [such a sentence] . . . to be reasonable." (quotation omitted)); *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (explaining that a sentence that is below the statutory maximum is another indicator of reasonableness).  Accordingly, we conclude Dixon's sentence is substantively reasonable and affirm.

### B. *Floyd's Appeal*

Floyd argues that his sentence is procedurally unreasonable because the district court erred in applying the ACCA enhancement as his Georgia burglary convictions do not qualify as violent felonies under the ACCA.  Nevertheless, Floyd acknowledges that his claim is squarely foreclosed by our decision in *Gundy*, in which we held that a Georgia burglary conviction, like the convictions at issue in Floyd's case, categorically qualified as a violent felony under the ACCA's enumerated crimes clause. 842 F.3d at 1169.  Under the prior panel precedent rule, "a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this [C]ourt sitting *en banc*." *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008).

20-14556               Opinion of the Court                    9

Accordingly, in light of *Gundy*, the district court did not err in applying the ACCA enhancement, and we affirm.

    **AFFIRMED.**